UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

ZALLA GALYA,

    Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, ZALLA GALYA, is a citizen of New Mexico.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Middle District of Florida, as required by the

forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. Issued a cruise line ticket to the Plaintiff that requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Disney Dream*, and its gangways.

8. At all times material hereto, Defendant had exclusive custody and control of the *Disney Dream*.

9. On or about January 14, 2024, the Plaintiff was a paying passenger aboard the *Disney Dream*, which at all times material was in navigable waters.

10. The Plaintiff relies on a scooter for mobility that was provided to her by DISNEY.

11. On or about January 14, 2024, the Plaintiff was disembarking the vessel and attempting to traverse over a threshold on the steep subject gangway which was positioned, designed, manufactured, installed, and/or maintained by DISNEY and provided to passengers for their use to disembark the vessel.

12. On or about January 14, 2024, Plaintiff suffered serious, permanent and debilitating injuries, including a left shoulder injury when her scooter tipped over and causing her to fall as a result a dangerous and hazardous condition created by the gangway's uneven platform surface, threshold, and steep position.

13. The dangerous and hazardous condition was either created by the Defendant and its employees or had been in place for a sufficient period of time so that the Defendant knew or should have known about it through the exercise of reasonable care.

14. Alternatively, the Defendant and/or its employees, at all material times, undertook to provide and maintain the subject area, including the access ramp, to ensure that passengers, including the Plaintiff, could safely disembark, thereby acquired a duty to exercise reasonable care in those undertakings.

15. The dangerous and hazardous nature of the subject access ramp was not open and obvious and there were no warning signs present to alert the Plaintiff of the same.

16. The Defendant knew of the dangerous conditions aboard the *Disney Dream* which caused Plaintiff's incident as a result of a prior incident including, but not limited to, an incident involving another passenger who uses a scooter and tipped over the same or similar gangway aboard the subject cruise during the same voyage as Plaintiff's.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress from the vessel. *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

18. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are reasonably expected to be.

19. On or about January 14, 2024, Defendant through its crew, agents, employees, staff or representatives breached its duty to warn Plaintiff in one or more of the following ways:

   a. Failure to warn of the unreasonably hazardous flooring condition and dangerous threshold in the subject area;

   b. Failure to warn of the unreasonably steep gangway condition;

    c. Failure to warn of the hazards posed to passengers, including the Plaintiff, due to improper and/or inadequate positioning, maintenance and/or inspection of the subject gangway area where passengers were required to use in order to disembark the vessel;

    d. Failure to warn of the risks and/or dangers associated with the unreasonably hazardous platform condition of the subject area;

    e. Failure to warn of other accidents previously occurring on same area and/or type of platform surface under substantially similar circumstances;

    f. Failure to verbally warn and/or place warning signs on or around the unreasonably hazardous flooring surface in the subject area; and/or

    g. Failure to block off or place a caution sign so as to warn passengers including Plaintiff of the unreasonably dangerous gangway and access ramp conditions.

20. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant adequately warned the foregoing to the Plaintiff.

21. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not warn about them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar hazard aboard its vessels, including the subject vessel and gangway. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. Additionally, Defendant

knew of the foregoing dangerous conditions causing Plaintiff's incident because of a prior incident involving another passenger who tipped over the gangway during the same voyage.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## COUNT II – NEGLIGENT MAINTENANCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

23. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress from the vessel. *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

24. At all times material hereto, it was the non-delegable duty of Defendant to maintain its vessel, walkways, and gangways in a reasonably safe

condition.

25. On or about January 14, 2024, Defendant through its crew, agents, employees, staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached its duty in one or more of the following ways:

   a. Failure to maintain the gangway's construction as to slope, rise, edge protection, side aprons, running slope so that passengers, including the Plaintiff, were reasonably safe while disembarking the vessel.

   b. Failure to maintain the gangway's level landing so that the subject access ramp can and will cause a passenger using a mobility device such as a scooter to trip and/or fall over when attempting to disembark;

   c. Failure to maintain materials to avoid or minimize a change in elevation on the subject gangway so that passengers, including the Plaintiff, were reasonably safe while disembarking the vessel;

   d. Failure to adequately and regularly inspect the subject area to maintain it free of hazardous conditions so that passengers, including the Plaintiff, were reasonably safe which disembarking the vessel; and/or

   e. Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe while disembarking the vessel.

26. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and maintain the subject area.

27. At all times material hereto, the subject area was not adequately maintained or inspected so that passengers, including the Plaintiff, could use it in a reasonably safe manner, thereby creating a dangerous and hazardous condition.

28. At all times material hereto, Defendant knew of the foregoing

conditions causing the Plaintiff's accident and did not adequately maintain the subject area. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar hazard aboard its vessels, including the subject vessel and gangway. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and adequately maintained the subject area. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident because of a prior incident involving another passenger who tipped over the gangway during the same voyage.

29.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## **COUNT III – GENERAL NEGLIGENCE**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

30. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress from the vessel. *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

31. At all times material, Defendant through its crew, agents, employees, staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached the duty of care owed to the Plaintiff in one or more of the following ways:

   a. Failure to provide a reasonably safe gangway and access ramp for passengers like Plaintiff that require the use of a scooter;

   b. Failure to provide a reasonably safe path and/or means for the Plaintiff to disembark the vessel;

   c. Failure to maintain the area, including the subject gangway, in a reasonably safe manner;

   d. Failure to design, manufacture and/or install a safe, adequate and safe gangway and handicap access ramp;

   e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to detecting and preventing incidents, such as the Plaintiff's, from occurring on its vessels;

   f. Failure to correct and/or eliminate the dangerous or hazardous conditions which Defendant knew or should have known about which caused the Plaintiff to suffer her incident;

    g. Negligently positioning and/or installing the subject gangway and handicap access ramp, including but not limited to the slope, rise, edge protection, side aprons, running slope and lack level landing;

    h. Negligently positioning and/or installing the gangway and subject handicap access ramp which failed to comply with industry standards, the ADA and/or SOLAS;

    i. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening;

    j. Failure to eliminate and/or modify the unreasonably dangerous conditions and/or hazards which caused Plaintiff to suffer her accident;

    k. Failure to promulgate and/or enforce adequate policies and procedures for the positioning, installing, and/or maintaining the access ramp which was reasonably safe for use by passengers, including the Plaintiff, requiring ambulatory assistance device;

    l. Failure to adequately test and/or evaluate the subject handicap access to determine whether it was reasonably safe; all of which caused Plaintiff to be injured; and/or

    m. Failure to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident.

32. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

33. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not establish a reasonably safe gangway. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning, inspection, and supervision of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's

passengers involving the same or similar hazard aboard its vessels, including the subject vessel and gangway. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and eliminated the hazardous conditions. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident because of a prior incident involving another passenger who tipped over the gangway during the same voyage.

34. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: January 7, 2025.

                                        Respectfully submitted,

                                        LIPCON, MARGULIES
                                        & WINKLEMAN, P.A.
                                        *Attorneys for Plaintiff*
                                        2800 Ponce de Leon Blvd, Suite 1480

                    Coral Gables, Florida 33134
                    Telephone No.: (305) 373-3016
                    Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
     **STEFANIE A. BLACK**
     Florida Bar No. 111903
     sblack@lipcon.com